IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BRANDON CUMMINGS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-707 |
| | ) | |
| v. | ) | Judge Joy Flowers Conti |
| | ) | Magistrate Judge Bissoon |
| LT. CRUMB, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion for Injunction (Doc. 27) be denied.

### II. REPORT

William Brandon Cummings is a state prisoner currently incarcerated in the State Correctional Institution at Fayette, located in LaBelle ("SCI-Fayette), Pennsylvania. This is prisoner civil rights suit, and Cummings alleges that he was assaulted while in prison; was forced to sleep on a cold, damp cell floor for two nights; and was denied medical treatment. Cummings has filed a Motion for Injunction (Doc. 27) asserting he recently was placed in the Restricted Housing Unit ("RHU") at SCI-Fayette. He seeks an order from this Court directing that he be released from the RHU back into the general population. Cummings also alleges that he is being "starved," but provides no details concerning this assertion.

The Complaint has not yet been served. At the Court's request, however, counsel entered an appearance for Defendants for the limited purpose of responding to the Motion for Injunction. A response has been filed (Doc. 29) with attached exhibits detailing the reasons Cummings was placed in the RHU, as well as daily logs documenting that Cummings has been given three food trays per day. Cummings filed a reply which, again, does not provide any factual assertions concerning when, if ever, he was denied food. Notably, Cummings does not repeat his allegation that he was "starved," and does not contest the evidence presented demonstrating that he has been provided meals three times each day while in the RHU (Doc. 31).

In determining whether injunctive relief is warranted, a court must consider: (1) whether movant has shown a reasonable probability of success on the merits; (2) whether movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F.Supp. 445 (E.D.Pa.1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. Conagra, 977 F.2d 86, 91 (3d

Cir. 1992) (internal quotations omitted, emphasis added); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir.2000) (harm may not be speculative).

To state an Eighth Amendment claim, Cummings must allege both that he has been denied "the minimal civilized measure of life's necessities" and that this was done while Defendants had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Mere placement in segregated confinement, without more, does not violate the Eighth Amendment. "[S]egregated confinement in solitary or maximum security is not per se banned by the Eighth Amendment." Clifton v. Robinson, 500 F.Supp. 30, 34 (E. D.Pa.1980)(quoting Burns v. Swenson, 430 F.2d 771, 777 (8th Cir 1979)). Further, "'isolation from companionship, restriction on intellectual stimulation[,] and prolonged inactivity, inescapable accompaniments of segregated confinement, will not render [solitary] confinement unconstitutional absent other illegitimate deprivations.'" In re Long Term Administrative Segregration of Inmates Designated as Five Percenters, 174 F.3d 464, 472 (4th Cir. 1999)(quoting Sweet v. South Carolina Dept. of Corrections, 529 F.2d 854, 861 (4th Cir.1975))(en banc). Hence, the mere fact that Cummings has been placed in the RHU is not sufficient to state a claim, much less to justify the preliminary injunctive relief he seeks.

Of course, if Cummings was being denied food while in the RHU, this could be an "illegitimate deprivation" that might support a claim for preliminary injunctive relief. The undisputed evidence of record, however, demonstrates that Cummings has not been denied food at any relevant time. Because Cummings has not established either a likelihood of success on the merits or irreparable harm, the Motion for Injunction (Doc. 27) should be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by September 13, 2008.


August 26, 2008                     s/Cathy Bissoon
                                    Cathy Bissoon
                                    United States Magistrate Judge

cc:
**WILLIAM BRANDON CUMMINGS**
GX-8328
SCI Faytette
Box 9999
La Belle, PA 15450