# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BRANDON CUMMINGS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-707 |
| | ) | |
| v. | ) | Judge Joy Flowers Conti |
| | ) | Magistrate Judge Bissoon |
| LT. CRUMB, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion for Show Cause Hearing (Doc. 33), which the court will treat as a motion for temporary restraining order, be denied.

### II. **REPORT**

William Brandon Cummings is a state prisoner currently incarcerated in the State Correctional Institution at Fayette, located in LaBelle ("SCI-Fayette), Pennsylvania. In this prisoner civil rights suit, Cummings alleges that he was assaulted while in prison; was forced to sleep on a cold, damp cell floor for two nights; and was denied medical treatment. Cummings has filed what is interpreted as a motion for temporary restraining order (Doc. 33) in which he asserts he is entitled to immediate release from state custody.

In determining whether injunctive relief is warranted, a court must consider: (1) whether movant has shown a reasonable probability of success on the merits; (2) whether movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in

even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F.Supp. 445 (E.D.Pa.1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis added).

Cummings asserts in the instant motion that he is presently incarcerated in a "condition of involuntary servitude" on the basis of "inoperative penal laws." (Doc. 34). He seeks immediate release from custody. However, a federal habeas corpus petition "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Cummings may not seek release from custody in this civil rights action. Hence, his motion should be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by October 7, 2008.


September 19, 2008                            s/Cathy Bissoon
                                              Cathy Bissoon
                                              United States Magistrate Judge


cc:
**WILLIAM BRANDON CUMMINGS**
GX-8328
SCI Faytette
Box 9999
La Belle, PA 15450