# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BRANDON CUMMINGS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-707 |
| | ) | |
| v. | ) | Judge Joy Flowers Conti |
| | ) | Magistrate Judge Bissoon |
| LT. CRUMB, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Plaintiff's Motion for Summary Judgment (Doc. 48) be denied, and that Defendants' Motion to Dismiss (Doc. 58) be granted.

### II. REPORT

William Brandon Cummings is a state prisoner currently incarcerated in the State Correctional Institution at Fayette, located in LaBelle ("SCI-Fayette), Pennsylvania. Cummings alleges in this prisoner civil rights suit filed pursuant to 42 U.S.C. § 1983 that he was assaulted by prison guards on May 3, 2008. He also alleges that he was denied medical treatment after the assault, and that he was forced to sleep on a cold, damp cell floor for two nights. The original Complaint in this matter was received by the Clerk of Court on May 23, 2008, and bears a date of May 9, 2008, below Plaintiff's signature (Doc. 1).

Cummings has since filed an Amended Complaint, and before the Court is Cummings's Motion for Summary Judgment (Doc. 48), wherein he repeats the claims made in his Amended Complaint. Defendants have filed a Motion to Dismiss (Doc. 58) in which they assert that Plaintiff failed to exhaust available administrative remedies, citing to the Amended Complaint where Plaintiff admits that there is a grievance procedure at the State Correctional Institution at Fayette, and that he did not attempt to file a grievance (Doc. 30, p. 4). Cummings also indicates in the Amended Complaint the reason for his failure to pursue the grievance process: "I was denied paper and pen to write a grievance." (Id.).

The mandatory exhaustion requirement applicable to prisoner litigants reads as follows:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a). Before filing a civil action, a plaintiff-inmate **must** exhaust his administrative remedies. Booth v. Churner, 206 F.3d 289, 300 (3d Cir.2000), cert. granted, 531 U.S. 956 (2000), aff'd, 532 U.S. 731, (2001). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002)(citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000)).

Here, Plaintiff concedes in his Amended Complaint that he did not attempt to exhaust administrative remedies. Further, Plaintiff's attempt to excuse his failure, *i.e.*, his assertion that he lacked writing utensils and paper after the incident, is belied by the pleading Plaintiff himself prepared on May 9, 2008, less than a week after the alleged assault. Plaintiff failed to even attempt to exhaust administrative remedies, and, accordingly, the Defendants' Motion to Dismiss

(Doc. 58) should be granted, and Plaintiff's Motion for Summary Judgment (Doc. 48) should be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by April 16, 2009.

| | |
|---|---|
| March 30, 2009 | s/Cathy Bissoon<br>Cathy Bissoon<br>United States Magistrate Judge |

cc:
**WILLIAM BRANDON CUMMINGS**
GX-8328
SCI Faytette
Box 9999
La Belle, PA 15450