**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WILLIAM BRANDON CUMMINGS,       )
                                )
                 Plaintiff,     )     Civil Action No. 08-707
                                )
      v.                        )     Judge Joy Flowers Conti
                                )     Magistrate Judge Bissoon
LT. CRUMB, *et al.*,            )
                                )
                 Defendants.    )

## MEMORANDUM ORDER

The civil rights complaint filed by William Brandon Cummings ("Plaintiff" or "Cummings") was received by the Clerk of Court on March 23, 2008, and was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges. The matter was referred to Magistrate Judge Cathy Bissoon on August 1, 2008.

Plaintiff alleges that he was assaulted by prison guards at the State Correctional Institution at Fayette, Pennsylvania, on May 3, 2008, and that he was forced to sleep without a mattress for two nights. Defendants Lt. Crumb, Lt. Martin Vojacek, Brian V. Coleman, Edward Rendell, Thomas Corbett, Jr. and Officer C.T. Thomas ("Defendants") filed a motion to dismiss (Doc. 58) in which they asserted that Plaintiff failed to exhaust available administrative remedies. Defendants cited to the amended complaint filed August 15, 2008, in which Plaintiff specifically stated that he did not attempt to file a grievance (Doc. 30 at

4).  Cummings states in his amended complaint that he failed to
pursue the grievance process because "I was denied paper and pen
to write a grievance." (Id.).  The magistrate judge filed a
report and recommendation on March 30, 2009 (the "R&R"), in which
she noted that the original complaint in this case, handwritten
and prepared by Plaintiff and mailed to the court from prison,
was dated May 9, 2008.  The magistrate judge recommended that
this court find that Plaintiff failed to exhaust administrative
remedies, and that Plaintiff's asserted basis for failing to
exhaust administrative remedies "is belied by the pleading
Plaintiff himself prepared on May 9, 2008, less than a week after
the alleged assault." (Doc. 76 at 2).

Cummings filed objections to the R&R (Doc. 79).  He asserts
that he was denied paper and pen to file a grievance, but now
adds that he did attempt to file a grievance, but that it was
never returned to him (Doc. 79).  He also asserts that his mail
has been "thrown away" by Defendants, but does not indicate that
any grievances were thrown away (Doc. 79).  In any event, these
new allegations by Plaintiff are not a sufficient basis for
rejecting the R&R.

In Booth v. Churner, 206 F.3d 289 (3d Cir.2000), aff'd, 532
U.S. 731 (2001), the Pennsylvania Department of Corrections'
grievance procedure was outlined in detail.  The prison grievance
procedure, known as DC-ADM 804, provides a three-part review: (1)

the prisoner must file a grievance **within fifteen days** of the incident with the grievance coordinator; (2) the prisoner may appeal to the facility manager within five days of receipt of the initial review; and(3) the prisoner may appeal to the Central Office Review Committee.  <u>Booth</u>, 206 F.3d at 293 n.2 (emphasis added).  Here, Plaintiff's original complaint (Doc. 7) establishes that he possessed pen and paper on May 9, 2008, within the fifteen-day period during which he was permitted to file a grievance concerning the alleged events of May 3-5, 2008. Plaintiff resorted to filing a complaint in this court within the fifteen-day period, and did not attempt to file a grievance with the Department of Corrections within that same period.  The only reason proffered by Plaintiff in his amended complaint for not pursuing a grievance was his purported lack of a pen and paper, which his original complaint in this case disproves.

Plaintiff had fifteen days within which to file a grievance, yet within seven days he completed a complaint which was filed in this court shortly thereafter.  He filed a sworn pleading in this court stating that he did not file a grievance.  Plaintiff offers two objections presently which are inherently contradictory: (1) he did file a grievance, but it was never acted upon; and (2) he did not file a grievance because he lacked pen and paper.  The former objection is not worthy of belief since his complaint and amended complaint contain contradictory assertions, and the

second is baseless because he clearly possessed pen and paper within the fifteen-day grievance period. The motion to dismiss should be granted.

After de novo review of the pleadings and documents in the case, together with the R&R and the objections thereto, the following order is entered:

AND NOW, this ____29th____ day of May, 2009,

IT IS HEREBY ORDERED that the Defendants' motion to dismiss (Doc. 58) is GRANTED, and Plaintiff's motion for summary judgment (Doc. 48) is DENIED.

The Report and Recommendation of Magistrate Judge Bissoon, (Doc. 76), dated March 30, 2009, is adopted as the opinion of the court.


                                        s/Joy Flowers Conti
_____         Joy Flowers Conti
                                        U.S. District Court Judge


cc:
WILLIAM BRANDON CUMMINGS
GX-8328
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510